UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00247

**Monterio Wesco,**
*Plaintiff,*

v.

**Exeter Finance LLC,**
*Defendant.*

### ORDER

Plaintiff, proceeding pro se, filed this action under 15 U.S.C. § 1691, alleging discrimination under the Equal Credit Opportunity Act (ECOA). Doc. 5. The case was referred to a magistrate judge. Finding that plaintiff failed to state a claim under the ECOA, the magistrate judge allowed plaintiff an opportunity to amend his complaint. Doc. 4. After the amended complaint was filed, the magistrate judge issued a report recommending that plaintiff's claims be dismissed with prejudice for failure to state a claim. Doc. 6 at 5. Plaintiff timely objected to the report, requesting only that he be allowed to amend his petition again. Doc. 7 at 2.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). If there are no timely objections, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff objects that the dismissal was premature. Doc. 7 at 2. To the extent that plaintiff is objecting to the magistrate judge's application of 28 U.S.C. § 1915(e) to screen his case, that objection is without merit. Plaintiff has requested to proceed in forma pauperis (IFP) in this case. Under § 1915(e)(2), a district court is required to dismiss the case of a plaintiff proceeding IFP if the court determines that the plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's argument that he should be allowed an additional opportunity to amend also lacks merit. Section 1915(e), formerly § 1915(d), was "designed primarily to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To that end, the statute gives courts discretion to dismiss claims "based on an indisputably meritless legal theory" and claims where the "factual contentions are clearly baseless." *Id.*

Allowing plaintiff another opportunity to amend would plainly contravene the statute's goal of preserving judicial resources. Here, the magistrate judge issued an order to amend stating specifically how plaintiff's allegations were deficient and providing him an opportunity to cure those deficiencies. Neither plaintiff's amended complaint nor his objection to the report cured those deficiencies or provided further factual basis to support his claims. As such, plaintiff's objection is overruled.

The court also notes that plaintiff did not object to any other portion of the report, particularly the finding that plaintiff failed to state a claim on which relief can be granted. As such, the court reviews the record only for clear error.

Having reviewed the record, and being satisfied that it contains no error, the court accepts the magistrate judge's report and recommendation. Plaintiff's claims are dismissed with prejudice for failure to state a claim. Any pending motions are denied as moot.

*So ordered by the court on September 29, 2025.*

────────────────────────────
J. CAMPBELL BARKER
United States District Judge